HARLINGTON WOOD, JR., Circuit Judge,
dissenting.
In my view this interesting case is not as involved as it first may appear. Plaintiff filed his complaint in the circuit court of DuPage County, Illinois, in Chancery, seeking only an injunction prohibiting defendants from taking off or landing on their runway in question or permitting others to do so. One end of that runway ends about twenty feet from one line of plaintiffs property, and depending on weather conditions it would be used for takeoffs or landings, both unavoidably resulting in low-level flights across plaintiffs property. Takeoffs and landings are generally regarded as critical times in aircraft operations.
It is obvious that any such injunction would regulate flight in the air above plaintiffs property, which is what he seeks to do by prohibiting it. My disagreement with the majority is that I believe that the regulation of air flight is totally preempted by the federal government. See 49 U.S.C. § 40103(a)(1) (“The United States Government has exclusive sovereignty of airspace of the United States.”). The majority points out that this preemption has not been made as clearly as in other matters of federal preemption, federal labor law and federal pension law, both important areas of federal preemption. It is true *406 that the federal government’s exclusive control of navigable airspace may not be as explicit as it might have been, but I submit that Congress thought no more needed to be said than already -had -been said. I believe this case is similar to Bastien v. AT & T Wireless Services, Inc., 205 F.3d 983, 986-87 (7th Cir.2000).
As the United States succinctly points out in its amicus brief supporting the district court’s dismissal of plaintiffs case:
Pursuant to its Commerce Clause power, Congress has preempted state regulation of navigable airspace. Since 1926, federal law has asserted for the United States “complete and exclusive national sovereignty in the air space” over this country. United States v. Causby, 328 U.S. 256, 250[sic], 66 S.Ct. 1062, 90 L.Ed. 1206 (1946), citing the Air Commerce Act of 1926, Pub.L. No. 69-254, 44 Stat. 568 (1926), as amended by the Civil Aeronautics Act of 1938, Pub.L. No. 75-706, 52 Stat. 973 (1938). In 1958, Congress reenacted this provision as part of the Federal Aviation Act of 1958, 72 Stat. 731, Pub.L. No. 85-726. See 49 U.S.C. § 1508(a) (1993). In 1994, Congress recodified and altered the phrasing of the preemption provision. The provision now states: “The United States Government has exclusive sovereignty of airspace of the United States.” 49 U.S.C. § 40103(a).
Federal law defines “navigable airspace” to include “airspace needed to ensure safety in the takeoff and landing of aircraft.” 49 U.S.C. § 40102(a)(30). Were flight not completely preempted but left to all the state courts across this country, air transportation could only be chaotic and dangerous. Runway use cannot be viewed separately. Runways cannot be used for takeoffs and landings without affecting flight patterns. Using the runway in question only as a taxi way to another runway is not at issue here. Courts in Texas, Nebraska, and Connecticut have held that states may not regulate airspace. See City of Austin v. Travis County Landfill Co., 25 S.W.3d 191, 206 (Tex.App.1999); Fiese v. Sitorius, 247 Neb. 227, 526 N.W.2d 86, 90 (1995); United States v. City of New Haven, 367 F.Supp. 1338 (D.Conn.1973). Our court has already had a say about the problem in Kohr v. Allegheny Airlines, Inc., 504 F.2d 400 (7th Cir.1974). As the panel in Kohr noted, early in the jurisprudence of this country, the control of navigable water was moved from state to federal control. Id. at 403-04 (quoting Northwest Airlines, Inc. v. State of Minnesota, 322 U.S. 292, 303, 64 S.Ct. 950, 88 L.Ed. 1283 (1944) (Jackson, J., concurring)). As was stated in Kohr, quoting Northwest Airlines,
Air as an element in which to navigate is even more inevitably federalized by the commerce clause than is navigable water. Local exactions and barriers to free transit in the air would neutralize its indifference to space and its conquest of time.
Congress has recognized the national responsibility for regulating air commerce. Federal control is intensive and exclusive. Planes do not wander about in the sky like vagrant clouds. They move only by federal permission, subject to federal inspection, in the hands of federally certified personnel and under an intricate system of federal commands. The moment a ship taxis onto a runway it is caught up in an elaborate and detailed system of controls. It takes off only by instruction from the control tower, it travels on prescribed beams, it may be diverted from its intended landing, and it obeys signals and order. Its privileges, rights, and protection, so far *407 as transit is concerned, it owes to the Federal Government alone and not to any state government.
Id. at 404 (quoting Northwest Airlines, Inc., 322 U.S. at 303, 64 S.Ct. 950 (Jackson, J., concurring)).[1]
I believe complete preemption exists and as a result the removal was proper. The district court properly denied plaintiffs motion to remand to the state court. Moving on to the merits, I would affirm the district court’s dismissal of plaintiffs complaint for failure to state a claim upon which relief can be granted. Plaintiff seeks only an injunction which would regulate air traffic, not money damages.
If plaintiff has state remedies not involving preempted flight airspace management, which he does not seek in this complaint, I would leave any further causes of action plaintiff may pursue entirely to the judgment of his own lawyers.
I must respectfully Dissent.

. In some smaller airports where there may not be an operating control tower, there are applicable federal rules and procedures for all pilots to follow. The Aircraft Owners and Pilots Association ("AOPA”)., Washington, D.C., publishes a very useful Handbook for private pilots which contains the federal aviation regulations and other helpful information concerning departing from or landing at airports without an operating control tower. Furthermore, contrary to the issuance of a driver's license by a state, federal aviation regulations provide that no person in the United States may pilot a plane unless that person has in his possession a current pilot certificate (commonly referred to as a pilot's license) issued to that person pursuant to federal aviation regulations. No state can issue pilot certificates.